RECEIVED & FILED

2016 FEB  4  PM 4 18

**38TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CAMERON**

CLERK OF COURT
**STATE OF LOUISIANA** CAMERON PARISH, LA.

**DOCKET NO.** 10-19574

**THE PARISH OF CAMERON**

**VERSUS**

**BALLARD EXPLORATION COMPANY, INC., CONDOR PETROLEUM CORPORATION, DENOVO OIL & GAS, INC., EXXON MOBIL CORPORATION, FIELDWOOD SD OFFSHORE LLC, HILCORP ENERGY COMPANY, LEADS RESOURCES, L.L.C., LINDER OIL COMPANY, A PARTNERSHIP, LLOG EXPLORATION & PRODUCTION COMPANY, L.L.C., NORTHWEST OIL COMPANY, THE LOUISIANA LAND AND EXPLORATION COMPANY, LLC, UNION OIL COMPANY OF CALIFORNIA AND XTO ENERGY INC.**

FILED: _____        _____
                                                                    **DEPUTY CLERK**

_____

**PETITION FOR DAMAGES**
**TO THE**
**CAMERON PARISH COASTAL ZONE**

**NOW INTO COURT** come plaintiffs, through undersigned counsel, to allege the following:

**PARTIES PLAINTIFF AND DEFENDANT**

**1.**

The Plaintiffs are: (1) the PARISH OF CAMERON, and (2) the State of Louisiana *ex rel.* PARISH OF CAMERON. The Parish of Cameron is a local government of this State that has been authorized since 1983 to operate an approved Local Coastal Zone Management Program pursuant to La. R.S. 214.28. As shown more fully below, the Parish of Cameron is authorized by state statute to bring appropriate actions on its own behalf and in the name of the State of Louisiana for enforcement of the State and Local Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq.*, hereinafter, the "**CZM Act of 1978**"), and the applicable regulations, rules, orders and ordinances promulgated or adopted thereunder by the State or Cameron Parish, as amended (hereinafter, collectively and together with the CZM Act of 1978, the "**CZM Laws**").

Little Cheniere

**EXHIBIT 1**

**2.**

Made defendants herein are the following entities (hereinafter, collectively, "**Defendants**"):

**BALLARD EXPLORATION COMPANY, INC.** is a foreign corporation whose registered agent, CT Corporation System, is located at 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

**CONDOR PETROLEUM CORPORATION** is a domestic corporation whose registered agent, W. Wayne Evitt, is located at 714 East Kaliste Saloom Road, Lafayette, LA 70508.

**DENOVO OIL & GAS, INC.** is a foreign corporation that can be served through its Director, Leonard C. Tallerine, at 1221 McKinney, Suite 1800, Houston, Texas 77010. Denovo Oil & Gas, Inc. is named in its own capacity and as successor to **Goldking Production Co.**

**EXXON MOBIL CORPORATION** is a foreign corporation whose registered agent, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802. Exxon Mobil Corporation is named as successor to **Humble Oil and Refining Co.**

**FIELDWOOD SD OFFSHORE LLC** is a foreign limited liability company whose registered agent, Capitol Corporate Services, Inc., is located at 8550 United Plaza, Building II, Suite 305, Baton Rouge, Louisiana 70809. Fieldwood SD Offshore LLC is named as successor to **Panaco Production Co.** and **Panaco, Inc.**

**HILCORP ENERGY COMPANY** is a foreign corporation whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., STE. 400B, Baton Rouge, LA 70808.

**LEADS RESOURCES, L.L.C.** is a foreign limited liability company whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

**LINDER OIL COMPANY, A PARTNERSHIP** is a domestic partnership, organized under the laws of Louisiana.  Linder Oil Company's partners, Linder Energy Company and

Little Cheniere

Louisiana General Oil Company, are domestic corporations, incorporated under the laws of Louisiana, and domiciled in Covington, Louisiana.  Linder Energy Company's registered agent, Roger D. Linder, is located at 106 Park Place, STE. 200, Covington, LA 70433.  Louisiana General Oil Company's registered agent, G. Miles Biggs, Jr., is located at 106 Park Place, Suite 200, Covington, LA 70433.

**LLOG EXPLORATION COMPANY, L.L.C.**, a domestic limited liability company whose registered agent, Kemerlia K. Ducote, is located at 1001 Ochsner Blvd. Suite 200, Covington, LA  70433.  LLOG Exploration Company, L.L.C. is named in its own capacity and as successor to **LLOG Expl. Co.**

**NORTHWEST OIL COMPANY** is a foreign corporation whose registered agent, Robert L. Ginsburg, is located at 777 Main Street, Suite 1300, Fort Worth, Texas  76102.

**THE LOUISIANA LAND AND EXPLORATION COMPANY, LLC** is a foreign company whose registered agent, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802.  The Louisiana Land and Exploration Company, LLC is named as successor to **NERCO Oil & Gas, Inc.**

**UNION OIL COMPANY OF CALIFORNIA** is a foreign corporation whose registered, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802.  Union Oil Company of California is named in its own capacity and as successor to **Union Exploration Partners, Ltd.** and **UNOCAL Exploration Corporation**.

**XTO ENERGY INC.** is a foreign corporation whose registered agent, Corporation Service Company, is located at 320 Somerulos Street, Baton Rouge, Louisiana  70802.  XTO Energy Inc. is named as successor to **Hunt Petroleum (AEC), Inc.**

Little Cheniere

## AREAL EXTENT OF COMPLAINED-OF OPERATIONS

### 3.

In general, Plaintiffs allege below that certain of Defendants' oil and gas exploration, production and transportation operations associated with the development of the Little Cheniere Oil & Gas Field in Cameron Parish were conducted in violation of the CZM Laws and that these activities caused substantial damage to land and waterbodies located in the "**Coastal Zone**" (hereinafter so called), as defined by the CZM Act of 1978, within Cameron Parish.  A map of the entire Louisiana Coastal Zone is attached hereto as Exhibit A.

In the detailed allegations that follow, the term "**Operational Area**" (hereinafter so called) is used to describe the geographic extent of the area within which the complained-of operations and activities occurred.  On information and belief, the areal extent of the Operational Area is identified on the maps contained in Exhibit B attached hereto.

## JURISDICTION, VENUE, AND STATUTORY AND REGULATORY FRAMEWORK

### 4.

The CZM Act of 1978 states that it is the public policy of the state "[t]o protect, develop, and where feasible, restore or enhance the resources of the state's coastal zone."  La. R.S. 49:214.22(1).

### 5.

Louisiana's Coastal Zone is specifically defined in La. R.S. 49:214.24(5). *See* Exhibit A. The Coastal Zone includes "the coastal waters and adjacent shorelands within the boundaries of the coastal zone . . . ."  The term "coastal waters" includes "bays, lakes, inlets, estuaries, rivers, bayous, and other bodies of water within the boundaries of the coastal zone which have measurable seawater content (under normal weather conditions over a period of years)."  La. R.S. 49:214.23(4).

Little Cheniere

**6.**

The Operational Area is located in Cameron Parish and within the Coastal Zone, and therefore certain activities within the Operational Area are governed by the CZM Laws.

**7.**

The CZM Laws regulate certain *"uses"* within the Coastal Zone.  La. R.S. 49:214.30 states that "[n]o person shall commence a use of state or local concern without first applying for and receiving a coastal use permit."  A map of the coastal use permits known to have been issued for work within the Operational Area is attached hereto as Exhibit C.  A list of those coastal use permits is attached hereto as Exhibit D.  The term "use" is defined at La. R.S. 49:214.23(13) as "any use or activity within the coastal zone which has a direct and significant impact on coastal waters."  "Uses of state concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and which are in need of coastal management and which have impacts of greater than local significance or which significantly affect interests of regional, state, or national concern. Use of state concern shall include, but not be limited to:
>
> (a)     Any dredge or fill activity which intersects with more than one water body.
>
> (b)     Projects involving use of state owned lands or water bottoms.
>
> * * *
>
> (f)     All mineral activities, including exploration for, and production of oil, gas, and other minerals, all dredge and fill uses associated therewith, and all other associated uses.
>
> (g)     All pipelines for the gathering, transportation or transmission of oil, gas and other minerals.
>
> (h)     Energy facility siting and development."

(La. R.S. 49:214.25(A)(1)).

**8.**

"Uses of local concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and are in need of coastal management but are not uses of state concern and which should be regulated primarily at the local level if the local government has an approved program. Uses of local concern shall include, but not be limited to:

Little Cheniere

(a)     Privately funded projects which are not uses of state concern.

* * *

(c)     Maintenance of uses of local concern.

* * *

(e)     Dredge or fill projects not intersecting more than one water body.

* * *

(i)     Maintenance dredging.

* * *

(k)     Uses on cheniers, salt domes, or similar land forms."

(La. R.S. 49:214.25(A)(2)).


## 9.

Enforcement of the CZM Laws is within the authority, *inter alia*, of an appropriate district attorney or a local government with an approved program.  La. R.S. 49:214.36D.  The Parish of Cameron, having obtained approval of its Coastal Zone Management Program from the Secretary of the Louisiana Department of Natural Resources (hereinafter, the "**LDNR**") on January 4, 1985 is a "local government with an approved program" within the meaning of the CZM Laws. *See* La. R.S. 49:214.23(8) and La. R.S. 49:214.28.


## 10.

Paragraph D of La. R.S. 49:214.36 states that "[t]he secretary [of the LDNR], the attorney general, an appropriate district attorney, or a local government with an approved program may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." Accordingly, the Parish of Cameron is authorized under the provisions of La. R.S. 49:214.36 to bring appropriate actions in its own behalf and in the name of the State of Louisiana for enforcement of the CZM Laws within Cameron Parish. Plaintiffs are empowered to bring declaratory, civil damages, or other actions as are necessary to ensure that no uses of state or local concern "are made of the coastal zone for which a coastal use permit has not been issued

Little Cheniere

when required or which are not in accordance with the terms and conditions of a coastal use permit." La. R.S. 49:214.36(D); La. R.S. 16:2D.

## 11.

Paragraph E of La. R.S. 49:214.36 states that "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of the restoration costs; require, where feasible and practical, actual restoration of areas disturbed; or otherwise impose reasonable and proper sanctions for uses conducted within the coastal zone without a coastal use permit where a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit. The court in its discretion may award costs and reasonable attorney's fees to the prevailing party."

## 12.

Paragraph G of La. R.S. 49:214.36 states that "[a]ny action pursuant to this Section... must be brought in any parish in which the use or activity is situated."

## 13.

Venue for this action in this district is proper under La. R.S. 49:214.36(G). Plaintiffs are the proper parties to bring the causes of action set forth herein pursuant to La. R.S. 49:214.36(D).

## 14.

Defendants have engaged in uses of state and local concern in Cameron Parish within the Operational Area in violation of La. R.S. 49:214.21, *et seq.*

## 15.

The Louisiana CZM Laws require the secretary of the LDNR to develop a coastal management program and guidelines to further the policies and goals of La. R.S. 49:214.21, *et seq.* The adopted guidelines shall be followed in the development of the state program and local programs and shall serve as criteria for the granting, conditioning, denying, or modifying of coastal use permits. One of the goals of the guidelines is the "careful consideration of the

Little Cheniere

impacts of uses on water flow, circulation, quantity, and quality and require that the discharge or release of any pollutant or toxic material into the water or air of the coastal zone be within all applicable limits established by law, or by federal, state, or local regulatory authority." La. R.S. 49:214.27(3).

**16.**

The state coastal management regulations contemplated by La. R.S. 49:214.21, *et seq.,* are codified at LAC 43:I.700, *et seq.* These state regulations provide that coastal use permits required by La. R.S. 214.30 are *in addition to* "any other permit or approval required or established pursuant to any other constitutional provision or statute." LAC 43:I.700. These state regulations further provide that "[m]ineral and production sites shall be cleared, revegetated, detoxified, and otherwise restored as near as practicable to their original condition upon termination of operations to the maximum extent practicable." LAC 43:I.719.M. As discussed below, Defendants have failed to clear, revegetate, detoxify, and restore the mineral and production sites and other areas affected by their operations and activities within the Operational Area to their original condition, as required by LAC 43:I.719.M. Defendants are liable to Plaintiffs under the CZM Laws for all damages associated with their failure to adhere to LAC 43:I.719.M.

**17.**

The coastal zone regulations further require that "[d]rilling and production sites shall be prepared, constructed, and operated using the best practical techniques to prevent the release of pollutants or toxic substances into the environment." LAC 43:I.719.F. These regulations also require that:

- "[t]he location and operation of waste storage, treatment, and disposal facilities shall be avoided in wetlands to the maximum extent practicable, and best practical techniques shall be used to minimize adverse impacts which may result from such use." LAC 43:I.715.A

- "[w]aste facilities located in wetlands shall be designed and built to withstand all expectable adverse conditions without releasing pollutants." LAC 43:I.715.C.

Page 8 of 22

- "[w]aste facilities shall be designed and constructed using best practical techniques to prevent leaching, control leachate production, and prevent the movement of leachate away from the facility." LAC 43:I.715.D.

- "[a]ll waste disposal sites shall be marked and, to the maximum extent practicable, all components of waste shall be identified." LAC 43:I.715.F.

- "[w]aste facilities in wetlands with identifiable pollution problems that are not feasible and practical to correct shall be closed and either removed or sealed, and shall be properly revegetated using the best practical techniques." LAC 43:I.715.G.

- "[w]aste shall be disposed of only at approved disposal sites." LAC 43:I.715.H.

- "[r]adioactive wastes shall not be temporarily or permanently disposed of in the coastal zone." LAC 43:I.715.I.

As alleged below, the operations and activities of Defendants within the Operational Area have resulted in the release of contaminants, pollutants, waste, leachate, and toxic substances into the environment and away from the operated facilities, all in violation of LAC 43:I.715.A through I and LAC 43:I.719.F.  Furthermore, the drilling and production sites and waste facilities of Defendants within the Operational Area were not built to withstand all expectable adverse conditions without releasing pollutants, were not prepared using best practical techniques to prevent the release of pollutants or toxic substances, and were not designed and constructed to prevent leaching, control leachate production, or prevent the movement of leachate away from the facility.  Defendants are liable for all damages resulting from their violation of the CZM Laws.

**18.**

Finally, the state coastal zone regulations prohibit the temporary or permanent disposal of radioactive wastes in the coastal zone.  LAC 43:I.715.I.  The operations and activities of Defendants in the Operational Area have resulted in the disposal of radioactive materials, including radium 226, radium 228, and naturally occurring radioactive materials (NORM), for which Defendants are liable.

Little Cheniere

*FACTUAL ALLEGATIONS*

**19.**

Defendants drilled and/or operated numerous oil and gas wells within the Operational Area.  A map showing the oil and gas wells within the Operational Area is attached hereto as Exhibit E.  A list of the oil and gas wells drilled and/or operated by each Defendant is attached hereto as Exhibit F.  The operations and activities of Defendants alleged in this petition to be in violation of the CZM Laws were conducted (or are being conducted) to enable or support the drilling and operation of the oil and gas wells listed on Exhibit F.

**20.**

The oil and gas operations and activities of Defendants in the Operational Area included the construction and use of unlined earthen waste pits, which are simply holes, ponds, or excavations dug into the ground or marsh.  Many of these waste pits have never been closed or have not been closed in conformance with the state and local CZM Laws and other applicable state environmental laws and regulations, including Statewide Order 29-B and the Louisiana Risk Evaluation/Corrective Action Program (RECAP).

**21.**

The use of waste pits in the Operational Area has a direct and significant impact on state coastal waters located within Cameron Parish, and thus each such pit required a coastal use permit after the enactment of the CZM Act of 1978.  To the extent that, contrary to Plaintiffs' allegations, the use of any such waste pit was legally commenced prior to the enactment of the CZM Act of 1978, the continued existence of such waste pit following cessation of the operations supported by it constituted a new use for which a coastal use permit was required.  In addition, the closure of any individual waste pits in the Operational Area would have involved substantial movement of materials and substantial alteration of the native terrain, and likewise required a state and/or local coastal use permit.  On information and belief, Defendants never obtained the required state and/or local coastal use permits for the closure and/or post-CZM operations of their waste pits in the Operational Area.  Additionally, these waste pits and areas

Little Cheniere

adjacent thereto have never been cleared, revegetated, detoxified, and/or otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants have failed to design and construct their waste pits located in the Operational Area using best practical techniques to prevent leaching and to prevent the movement of leachate away from their waste facilities, as required by LAC 43:I.715.D.

### 22.

The Defendants use of waste pits in the Operational Area, and their failures to properly close those waste pits, to clear, revegetate, detoxify, and return the property affected thereby to its original condition, and to properly design those waste pits have caused ever increasing damage to the Cameron Parish Coastal Zone, for which Defendants are liable under the CZM Laws.

### 23.

Defendants have also discharged or disposed of oil field wastes from their waste pits and/or from their other oil and gas operations directly into the Operational Area. Each incident involving the discharge of oil field waste, including, without limitation, oil field brines, has a direct and significant impact on state coastal waters located in Cameron Parish and constitutes a use for which a state and/or local coastal use permit was required after the enactment of CZM Act of 1978 (Acts 1978, No. 361). On information and belief, Defendants never obtained the required state and/or coastal use permits for the discharge of oil field wastes into the Operational Area. Additionally, the areas of the Cameron Parish Coastal Zone that have received such discharges have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F, and failed to design and construct their waste pits in a manner to prevent leaching and the resulting discharge wastes, as required by LAC 43:I.715.D. Finally, Defendants knew or should have known that their oilfield wastes contain unacceptable and inherently dangerous levels of radioactive materials, including Radium 226 and 228, and thus the discharge of such materials into the Operational Area after 1978 was a flagrant violation of the CZM Laws,

Little Cheniere

particularly LAC 43:I.715.I.  As a result of these failures, Defendants are liable under the CZM Laws for damages and the other relief sought herein.

**24.**

In addition to the use of unpermitted waste pits, the failure to close waste pits properly, and the unpermitted discharge of oil field waste, including, without limitation, oilfield brines, in the Operational Area, Defendants' oil and gas activities have caused the Cameron Parish Coastal Zone, and in particular the canals, bayous, sediments, marshes, soils, and groundwaters in the Operational Area, to become contaminated or polluted in excess of applicable state standards, which has a direct and significant impact on state coastal waters.  Each of these uses constitutes a use for which a coastal use permit was required beginning with the enactment of the CZM Act of 1978.  The state coastal zone regulations, at LAC 43:I.700, *et seq.*, define "contaminant" as "an element causing pollution of the environment that would have detrimental effects on air or water quality or on native floral or faunal species."  The contamination deposited in the Operational Area as a result of Defendants' activities has had a detrimental effect on the quality of the receiving state waters, on plant and animal life, and on humans who are exposed to such contamination.  In addition, Defendants have utilized the Operational Area for the storage of their pollution or contamination, which likewise is a use for which a state and/or local coastal use permit has been required since 1978.  On information and belief, Defendants never obtained the required state and/or local coastal use permits for the deposition or storage of contamination or pollution in the Operational Area.  The areas of the Cameron Parish Coastal Zone that have been affected by such pollution or contamination have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M.  Furthermore, Defendants have failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F.  Defendants have also allowed the accumulation of radioactive materials in the soils and groundwaters of the Operational Area, in violation of LAC 43:I.715.I.  Defendants are thus liable for their acts of contamination in violation of the CZM Laws, including La. R.S. 49:214.36.

**25.**

Since 1978 and before, Defendants' oil and gas activities have resulted in the dredging of numerous canals in, through, and across the Operational Area.  The dredging of canals in the Operational Area has a direct and significant impact on the state coastal waters within Cameron Parish.  On information and belief, Defendants in some instances exceeded the limits of the coastal use permits issued in connection with the dredging of such canals, and in other instances failed to obtain the coastal use permits required for the dredging of such canals. Furthermore, Defendants failed to design, construct and maintain said canals using the best practical techniques to prevent bank slumping, erosion and saltwater intrusion and to minimize the potential for inland movement of storm-generated surges in accordance with LAC 43:I.705.J.  As a consequence thereof, Defendants' dredging activities have resulted in the degradation of the Operational Area, including the erosion of marshes and the degradation of terrestrial and aquatic life therein.  Additionally, the destruction of the Cameron Parish Coastal Zone has increased the risk of damage from storm-generated surges and other flooding damage, and has enabled and/or accelerated saltwater intrusion.   Furthermore, Defendants failed to revegetate, refill, clean, detoxify, and otherwise restore these canals to their original condition as required by LAC 43:I.705.N, 711.F and 719.M.

**26.**

The above activities of Defendants lie in stark contrast to, and in violation of, the policies enumerated at LAC 43:I.701(G), which states as follows:

"It is the policy of the coastal resources program to avoid the following adverse impacts . . . :

| | |
|---|---|
| (4) | alterations in the natural concentration of oxygen in coastal waters; |
| (5) | destruction or adverse alterations of streams, wetland, tidal passes, inshore waters and waterbottoms, beaches, dunes, barrier islands, and other natural biologically valuable areas or protective coastal features; |

* * *

| | |
|---|---|
| (8) | detrimental changes in existing salinity regimes; |

(9)  detrimental changes in littoral and sediment transport processes;

* * *

(13)  discharges of pathogens or toxic substances into coastal waters;

* * *

(16)  adverse alteration or destruction of unique or valuable habitats, critical habitat for endangered species, important wildlife or fishery breeding or nursery areas, designated wildlife management or sanctuary areas, or forestlands;

* * *

(18)  adverse disruptions of coastal wildlife and fishery migratory patterns;

(19)  land loss, erosion, and subsidence;

(20)  increases in the potential for flood, hurricane and other storm damage, or increase in the likelihood that damage will occur from such hazards;

(21)  reduction in the long term biological productivity of the coastal ecosystem.

### 27.

On information and belief, at least some of the activities of Defendants described above may have been permitted and/or authorized by the Louisiana Department of Natural Resources, Office of Conservation (hereinafter, the "**LDNR-OC**").  Paragraph B of La. R.S. 49:214.31 states that "[p]ermits issued pursuant to existing statutory authority of the office of conservation in the Department of Natural Resources for the location, drilling, exploration and production of oil, gas, sulfur or other minerals shall be issued in lieu of coastal use permits, provided that the office of conservation shall coordinate such permitting actions pursuant to R.S. 49:214.31(B) and (D) and **shall ensure that all activities so permitted are consistent with the guidelines, the state program and any affected local program**." (Emphasis added).  The *Memorandum of Understanding Between the Coastal Management Section of the Department of Natural Resources and the Office of Conservation of the Department of Natural Resources*, dated July 8, 1980, reinforces section La. R.S. 49:214.31, wherein it states that the LDNR-OC "will issue in-lieu permits only if the proposed activity is consistent with the Coastal Use Guidelines, the Louisiana Coastal Resources Program and affected approved local programs."

Little Cheniere

**28.**

To the extent that Defendants operated or conducted activities in the Operational Area under "in lieu" permits authorized or granted by the LDNR-OC or another state agency, Defendants were obligated to comply fully with the CZM Laws in the conduct of such operations or activities.

**29.**

Furthermore, Plaintiffs allege that most, if not all, of Defendants' operations or activities complained of herein were not "lawfully commenced or established" prior to the implementation of the coastal zone management program. *See* LAC 43:723(B)(8). The complained-of operations and activities were prohibited prior to 1978 by various provisions of Louisiana Statewide Orders 29, 29-A, and 29-B, various field wide orders, as well as various orders of the Louisiana Stream Control Commission.

**30.**

Defendants are required to comply not only with all applicable state environmental laws and state regulations, but also with any additional requirements imposed by the State of Louisiana or Cameron Parish through the coastal zone management program. Defendants have failed to comply with numerous provisions of the state coastal zone management program, as previously alleged, and thus they are liable under the CZM Laws for any damages resulting from these violations.

**31.**

The Defendants are liable for the foregoing violations of the state and local CZM Laws, including without limitation, the failure to clear, revegetate, detoxify, and restore to their original condition those portions of the Cameron Parish Coastal Zone affected by Defendants' activities within the Operational Area.

Little Cheniere

**32.**

The damages, costs, and attorney fees provided by La. R.S. 49:214.36 are in addition to any fine, forfeiture, other penalty, or costs imposed under any other provision of law.

**33.**

Notwithstanding any allegations or language to the contrary contained elsewhere in this petition, Plaintiffs expressly limit the scope of the claims and allegations of this petition as follows:

(a)     Plaintiffs allege only those state law causes of action that they have a right to pursue under La. R.S. 49:214.21, *et seq.*, as amended, and the state and local regulations, guidelines, ordinances and orders promulgated pursuant thereto and consistent therewith;

(b)     Plaintiffs have not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law or federal regulations, and assert no such claims herein; Plaintiffs allege no claims subject to federal question jurisdiction;   Plaintiffs do not pursue or allege any claims or causes of action arising under federal common law;

(c)     To the extent any state law claims alleged in this petition are preempted by federal law , such claims are not alleged herein;

(d)     Plaintiffs do not pursue or allege any claims that have been discharged in bankruptcy;

(e)     Plaintiffs do not pursue or allege any claims "arising under the Constitution, laws, or treaties of the United States";

(f)     Plaintiffs do not allege or pursue any claims wherein their right to relief under any cause of action necessarily depends on a resolution of a substantial,  disputed question of federal law;

(g)     Plaintiffs do not allege or pursue any claims arising under the Rivers and Harbors Act of 1899, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the

"**RHA**"), and do not pursue or allege any claims arising under any U.S. Army Corps of Engineers regulations or permits;

(h)     Plaintiffs do not pursue or allege any claims arising under the Clean Water Act of 1972, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**CWA**");

(i)     Plaintiffs do not pursue or allege any claims arising under any federal regulations;

(j)     Plaintiffs do not allege or pursue any claim that any Defendant violated a federal permit or failed to obtain a federal permit;

(k)     Plaintiffs do not allege that they are third party beneficiaries of any obligation between Defendants and any governmental body, or that they are third party beneficiaries of any permitting scheme;

(l)     Plaintiffs do not allege that they are third party beneficiaries of any permit, contract, or right of way agreement, or other conventional servitude or servitude imposed by law;

(m)     Plaintiffs do not allege that they have the right to enforce a federal permit as a third party beneficiary;

(n)     Plaintiffs do not allege that they represent any class; further, Plaintiffs do not pursue or allege any claim over which there is CAFA jurisdiction of this case; Plaintiffs bring this action only on their own behalf and not on behalf of any class or group of individuals or legal entities.

(o)     Plaintiffs do not allege that any acts, omissions, operations or activities occurring on the Outer Continental Shelf violated the CZM Laws.  None of the acts, omissions, operations or activities that form the basis of the Plaintiffs' claims in this petition involve operations or activities on the Outer Continental Shelf.  Plaintiffs do not pursue or allege any claim arising under the Outer Continental Shelf Lands Act (the "**OCSLA**")(43 U.S.C. § 1331 *et seq.*); Plaintiffs do not pursue or allege any claim subject to the jurisdiction of the OCSLA; further,

Plaintiffs do no pursue or allege any claim within the jurisdiction established by 43 U.S.C. § 1349;

(p)     Plaintiffs do not pursue or allege any claim for activities conducted on a federal enclave or for damage to a federal enclave, and do not pursue or allege any claims regarding any land held in trust by the federal government, its officers, agencies, or agents; Plaintiffs do not pursue or allege any claims over which the federal government contests title. Plaintiffs do not pursue or allege any claims for damages to any federal floodwalls, federal levees, or any other federal installations or properties. Plaintiffs do not allege that any event, activity, or claim pursued in this petition occurred on a federal enclave. Plaintiffs do not allege or pursue any claim for an alleged injury in circumstances where the alleged injury arose on a federal enclave and the injury is indivisible from an injury that did not occur on a federal enclave.

(q)     Plaintiffs make no claims under Louisiana tort law, contract law, mineral law, or property law;

(r)     Plaintiffs do not allege or pursue any claims that are: (1) covered by or subject to the jurisdiction of the All Writs Act, 28 U.S.C. §1651, et seq., as amended; or, (2) covered by or subject to the jurisdiction of the Convention on the Recognition of Foreign Arbitral Awards, 9 U.S.C. §201, et seq., as amended. Plaintiffs do not allege or pursue any claims under the federal Oil Pollution Act of 1990, as amended;

(s)     Plaintiffs do not allege any claim or cause of action arising under the federal Natural Gas Act, 15 U.S.C. 717 – 717w.

(t)     In summary, Plaintiffs limit the claims asserted in this petition to state law claims arising under the CZM Laws. The attachment of the map of the entire Louisiana Coastal Zone (See Exhibit A) or the attachment of any other exhibits to this petition shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. With regard to any permit alleged in this petition to have been violated, the inclusion of language in such permit referring to federal laws or federal regulations shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. Any allegation in

Little Cheniere

this petition that any defendant has violated a coastal use permit shall not be construed as an allegation that plaintiffs have alleged federal causes of action based on the violation of any federal law or regulation generally or specifically referenced in the permit or any application therefor.  Further, to the extent the CZM Laws contain any citation of or reference to any federal laws, statutes or regulations, no claims or causes of action are alleged under those federal laws, statutes or regulations. Any allegation in this petition that any defendant has violated the CZM Laws shall not be construed as an allegation of a federal cause of action based on the violation of federal laws, statutes or regulations referenced in the CZM Laws. The quotation or reference in this petition to provisions of certain CZM Laws concerning "uses" of national or regional concern shall not be construed as an allegation that Plaintiffs are making claims arising under the Constitution, laws, or treaties of the United States.  The use of the term "navigation" or such similar terms in the CZM Laws shall not be construed to imply that Plaintiffs are asserting maritime or admiralty claims.

(u)     Plaintiffs do not plead any claim or cause of action pertaining to private property located within the Cameron Parish Coastal Zone: (1) that is the subject of any present or future demand for environmental restoration or remediation, regardless of whether the relief demanded is specific performance, damages or a mandatory or prohibitive injunction; or, (2) that is the subject of any pending or future litigation under Act 312 of 2006 (La. R.S. 30:29, et seq., as amended). Plaintiffs do not seek injunctive relief.  Further, Plaintiffs do not plead any claims related to any pending environmental statutory or regulatory claims or actions filed or taken by any federal agency, including, but not limited to, the Environmental Protection Agency and the U.S. Army Corps of Engineers.

## 34.

Subject to all of the limitations set forth in this petition, including, but not limited to, paragraph 33, Plaintiffs Parish of Cameron and the State of Louisiana claim all damages and remedies appropriate under the CZM Laws, including, but not limited to, restoration and remediation costs; actual restoration of disturbed areas to their original condition; costs necessary to clear, revegetate, detoxify and otherwise restore the affected portions of the Cameron Parish

Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M; declaratory relief in circumstances where such relief is required, in addition to money damages, to accomplish the purposes of La. R.S. 49:214.21 *et seq.*; costs and expenses of litigation, including costs of environmental assessments and expert costs, and reasonable attorney's fees; and all other damages or remedies provided for in La. R.S. 49:214.21, *et seq.*

## 35.

Plaintiffs allege that the damage caused by defendant's complained-of activities within the Operational Area resulted from the defendants' violation of coastal use permits *and* from unpermitted uses of the coastal zone. Plaintiffs' claims are limited to the civil remedies provided for in La. R.S. 49:214.36; plaintiffs do not assert claims for any criminal or quasi-criminal remedies set forth in La. R.S. 49:214.36.

## 36.

Plaintiffs allege that defendants are *solidarily* liable for the damage caused by defendant's complained-of activities within the Operational Area. The CZM Laws render the defendants liable for the cumulative impacts of their permit and regulatory violations. While the individual defendants may have acted independently of each other in certain circumstances, their statutory, regulatory and permit violations resulted in "cumulative impacts" to the area of the coastal zone damaged by defendant's complained-of activities within the Operational Area. "Cumulative Impacts" are defined in La. Admin. Code tit. 43, pt. I, § 700 as "impacts increasing in significance due to the collective effects of a number of activities." La. Admin Code. tit. 43, pt. I, § 701 states that the "likelihood of, and extent of impacts of, resulting secondary impacts and cumulative impacts" "shall be utilized by the permitting authority in evaluating whether the proposed use is in compliance with the guidelines," and that "all uses and activities shall be planned, sited, designed, constructed, operated, and maintained to avoid to the maximum extent practicable significant" "adverse effects of cumulative impacts." The defendants' unpermitted uses of the coastal zone the defendants' violations of coastal use permits resulted in "cumulative impacts" to area of the coastal zone damaged by defendant's complained-of activities within the

Little Cheniere

Operational Area. Such damage could have been avoided had defendants followed the statutory and regulatory requirements of the CZM Laws. Further, the restoration requirements set forth in La. R.S. 49:214.36 D and E cannot be accomplished by ignoring the combined effects of multiple violations of the CZM Laws. La. R.S. 49:214.36 (E) provides for a "restoration" remedy that is "feasible and practical." Restoration objectives must respond to environmental impacts caused by the cumulative effects of oil and gas operations. Both the CZM Laws and the LDNR Coastal Management Division's standard operating procedures recognize the need to evaluate the cumulative and compound impacts of defendants' violations. The statute mandating the development of the state's master plan states: "The task of... restoring and developing a sustainable coastline will require implementation of a holistic, comprehensive engineering plan..." *See* La. R.S. 49:214.4.1(A)(3).

La. C. C. art. 1815 provides that an obligation is indivisible when the object of the performance is "not susceptible of division." Indivisible obligations are subject to the rules governing solidarity. La. C.C.P. art. 1818. Under Louisiana law, if the consecutive and/or concurrent wrongful acts of defendants contribute in unknown proportions to property damage, defendants are *solidarily* liable because their obligations are indivisible.

37.

Plaintiffs demand trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants (subject to the limitations set forth in this petition), as follows:

(a)     Awarding damages and other appropriate relief specifically provided in the CZM Laws for violations of all applicable state coastal zone management program statutes and regulations within the Cameron Parish Coastal Zone;

(b)     Ordering the payment of costs necessary to clear, revegetate, detoxify and otherwise restore the Cameron Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M.;

Little Cheniere

(c)     Requiring actual restoration of the Cameron Parish Coastal Zone to its original condition;

(d)     Awarding reasonable costs and attorney fees;

(e)     Awarding pre-judgment and post-judgment interest at the maximum rate allowable by law;

(f)     Such other and further relief available in the premises, subject to the limitations set forth in the petition; and

(g)     Plaintiffs request trial by jury.

Respectfully submitted:

**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA  70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, #2226 (dcoffice@tcmlawfirm.net)
Victor L. Marcello, #9252 (vmarcello@tcmlawfirm.net)
John H. Carmouche, #22294 (jcarmouche@tcmlawfirm.net)
William R. Coenen, III, #27410 (wcoenen@tcmlawfirm.net)
Brian T. Carmouche, #30430 (bcarmouche@tcmlawfirm.net)
Todd J. Wimberley, #34862 (twimberley@tcmlawfirm.net)
Ross J. Donnes, #33098 (rdonnes@tcmlawfirm.net)
D. Adele Owen, #21001 (aowen@tcmlawfirm.net)
Leah C. Poole, #35092 (lpoole@tcmlawfirm.net)

Chad E. Mudd, #25188 (cmudd@camtel.net)
David P. Bruchhaus, #24326 (dbruchhaus@camtel.net)
M. Keith Prudhomme, #14336 (kprudhomme@camtel.net)
Matthew P. Keating, #30911 (mkeating@camtel.net)
**MUDD & BRUCHHAUS, L.L.C.**
410 E. College St.
Lake Charles, LA  70605
Telephone:  (337) 562-2327
Fax:  (337) 562-2391

*Attorneys for Plaintiffs*

**PLEASE HOLD SERVICE**

Page 22 of 22

Little Cheniere

**EXHIBIT A**

**Louisiana Coastal Zone Boundary**



A-1

*Little Cheniere*

**EXHIBIT B**

**Map of the Operational Area**

(Overview)



*Little Cheniere*

**EXHIBIT B**

**Map of the Operational Area**

(Detail View)

# 2015 Aerial



*Little Cheniere*

**EXHIBIT C**

**Map of Coastal Use Permits within the Operational Area**

Yellow and orange shapes represent work locations described in Coastal Use Permits.
*Source: LDNR*

# 2015 Aerial



*Little Cheniere*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19810520 | Elery Benoit - Dredge ditches, 30666 cy spoil placed along side ditches. 5 miles NE Grand Cheniere |
| P19810768 | Goldking Production Co. - Proposed board road and drilling mat, 10K marsh dredged for roadway and levee fill. Adjacent to Humble Canal |
| P19810769 | Goldking Production Co. - Proposed board road and drilling mat, 10K marsh dredged for roadway and levee fill. 0.5 mi N Little Cheniere Ridge |
| P19810770 | Goldking Production Co. - Proposed board road and drilling mat, 9K marsh dredged for roadway and levee fill. 2 mi N Little Cheniere Ridge |
| P19811250 | Goldking Production Co. - Proposed road and well location, Mermentau Mineral & Land Co. |
| P19820933 | Goldking Production Co. - Construct 750' board road and ring levee, 8300 cy excavation and 4.7 fresh marsh altered. 12 miles SE Creole |
| P19821289 | Goldking Production Co. - Construct 200 ft board road and ring levee off existing board road. 3.9 acres fresh marsh will be disturbed, 4 mi W of Mermentau River |
| P19821325 | LIG - GAS // 4" GAS FLOWLINE // BURIED 3 FT MINIMUM // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19830153 | Goldking Production Co. - Proposed road and well location site, Miami corp |
| P19831439 | Goldking Production Co. - Construct road dump, board road, ring levee and pit; 6700 cy excavated near Little Pecan Lake |
| P19840126 | Goldking Production Co. - Construct an appx. 1,000' board road and 400' x 400' ring levee to prepare site for O&G exploration; Appx. 8600 cu. yds.of excavation proposed for construction of road dump, ring levee and pit levee; Appx 5.7 acres of marsh affected |
| P19840155 | Goldking Production Co. - Construct appx 700' road dump, 400x400 ring levee and pit; appx 6,000 cu yds of excavation proposed; appx 4.9 acres of fresh marsh may be affected |
| P19840171 | Goldking Production Co. - Dredge ~2,100 cu yds of fresh water marsh by dragline to construct boarded ramp and drill site; ~5.2 acres of fresh water marsh to be altered |
| P19841183 | Goldking Production Co. - ~450' rd. dump and 400' x 400' ring levee; ~5,000 yd.^3 excavated; S12, T14S-R6W |
| P19850279 | TXGAS - GAS // 6.625" GAS FLOWLINE // BURIED 3 FT MINIMUM // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19850839 | Goldking Production Co. - Excavate 4500 cy marsh material to construct ring levee; 9.6 mi ENE of Creole |
| P19850840 | Northwest Oil Company - Excavate 4500 cy marsh material to construct ring levee; 8.5 mi ENE of Creole |
| P19850938 | Goldking Production Co. - Excavate 4500 cy freshmarsh material to construct ring levee with reserve pit off existing road dump, Little Chenier ridge |
| P19851101 | Poor Boy Hunting Club - Maintain existing trenasses; appx 20,000 cy of sand/clay dredged by dragline & discharged to adjacent trenasses; |
| P19851401 | David Goss - Road to develop 31 residential home sites 90% completed |
| P19860219 | Goldking Production Co. - Permit withdrawn. Miami Corp. D-2 Well |

*Little Cheniere*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19860400 | DENOVO OIL & GAS - SALT WATER // 3" SALT WATER POLYETHELENE LINE // BURIED 3 FT // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19870115 | Linder Oil Company - Utilize existing drill site to D/P the Cameron Parish School Board Well #1, Sec. 17, T14S - R5W |
| P19870665 | Richard Dahlen - Maintain existing trenasses to original cross-section to provide water depths necessary for boat traffic; 8200 cy dredged; Little Chenier area |
| P19871149 | John R. Bacciagalopi - Maintain existing trenasses; Little Chenier area |
| P19880931 | Northwest Oil Company - Proposed dredging for road dump (2778 cy) and ring levee (7848 cy) for access to well site; Little Chenier East area |
| P19890025 | Northwest Oil Company - Dredge 1389 cy marsh material to construct board road and 7848 cy for ring levee to access well site; 5.5 mi N of Grand Chenier |
| P19890828 | Roger Vincent, Jr - Maintenance of existing camp site |
| P19890900 | Northwest Oil Company - Construct board road (8333 cy) and ring levee (7848 cy) for drill site; 4 acres of fresh marsh altered; 7 mi N of Grand Chenier |
| P19900465 | Nothwest Oil Company - Dredge pit & ring levee(±625 CY) adjacent to road to drill Miami Corp. "A" #9 Well, Sec. 10, T14S - R6W |
| P19900612 | Northwest Oil Company - Dredge ±728 CY of marsh material to construct 252' X 300' ring levee adjacent to an existing road to access O/G wellsite. Reroute ±440' of trenasse. Degrade existing levees. ±1.8 acres of fresh marsh will be altered.Miami Corp. "A" #10 Well, Little Chenier East Field, Sec. 10, T14S - R6W |
| P19920725 | DeNovo Oil & Gas, Inc. - Miami Corp. "P" #5 will be drilled using pre-existing location, Little Cheniere Field, Sec. 7, T14S - R5W |
| P19941174 | John Baccigalopi - Local concern. Trenasse maintenance. (1408 CY) Sec. 10, T14S - R6W, Big Burns Marsh |
| P19950547 | Goldking Production Co. - R/R the Mermentau Mineral & Land Co., Inc. Well #1, Sec. 17, T14S - R5W |
| P19961223 | DUPLECHAIN COY R - NOT A PIPELINE // TRENASSES // // // Begin: // End: // Status: Review complete Transferred to Local Program for Authorization |
| P19981651 | MAINTENANCE OF EXISTING TRENASSE W/ STAGGED SPOIL |
| P20000426 | BACCIGALOPI, JOHN - NOT A PIPELINE // TRENASSE MAINTENANCE // // // Begin: // End: // Status: Review complete Transferred to Local Program for Authorization |
| P20001777 | DOMINGUE, BRYANT - NOT A PIPELINE // TRENASSE MAINTENANCE // // // Begin: // End: // Status: Review complete Transferred to Local Program for Authorization |
| P20010341 | DRILL PAD(SITE ABANDONED) + SHELL ROAD |
| P20010341 | M.M.LD CO WELL #A-1 |
| P20011004 | DRILL SITE |
| P20011004 | FILL & CULVERT |
| P20020223 | MIAMI WELL #1 DRILL STRS, RING LEVEE, SHELL PAD |
| P20020848 | BACCIGALOPI, MICHAEL - NOT A PIPELINE // TRENASSE MAINTENANCE // // // Begin: // End: // Status: Review complete Transferred to Local Program for Authorization |

*Little Cheniere*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P20020986 | LINE HEATER PLATFORM: 10' X 40' |
| P20020986 | LLOG EXPLORATION COMPANY - FLOWLINE // 2" // 3' MIN BLW ML // // Begin: MIAMI CORP. WELL #1 // End: EXISTING TAP // Status: Authorization Granted - Special Conditions |
| P20020986 | LLOG EXPLORATION COMPANY - FLOWLINE // 4" // 3' MIN BLW ML // // Begin: MIAMI CORP. WELL #1 // End: EXISTING TAP // Status: Authorization Granted - Special Conditions |
| P20020986 | TANK BATTERY SITE W/ RING LEVEE: 220' X 60' |
| P20030788 | BORROW DITCH |
| P20030788 | GRAVEL ROAD |
| P20030788 | HUNT PETROLEUM (AEC), INC. - FLOWLINE // 2" // LAID ON GROUND // // Begin: SWD LOC NO 1 // End: TIE-IN EXISTING PIPELINE // Status: Authorization Granted - Special Conditions |
| P20030788 | MAINTAIN DRILL SITE SWD LOC. NO. 1 |
| P20030788 | MAINTAIN RING LEVEE |
| P20040033 | TRENASSE MAINTENANCE |
| P20050883 | DAHLIN, RICHARD - NOT A PIPELINE // TRENASSE MAINTENANCE // // // Begin: // End: // Status: Review complete Transferred to Local Program for Authorization |
| P20110022 | 300x300 RING LEVEE |
| P20110022 | LOCATION MERMENTAU MINERALS WELL NO 1 |

*Little Cheniere*

## EXHIBIT E

### Map of Oil & Gas Wells within the Operational Area

Orange triangles indicate the surface locations of Oil & Gas Wells.  *Source: LDNR*

# 2015 Aerial



*Little Cheniere*

# EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

### BALLARD EXPLORATION CO., INC.

227453

### CONDOR PETROLEUM CORPORATION

| | |
|---|---|
| 192900 | 205513 |

### DENOVO OIL & GAS, INC.

| | | |
|---|---|---|
| 145416 | 160821 | 185167 |
| 150063 | 163305 | 185257 |
| 152710 | 163797 | 185570 |
| 156389 | 167128 | 185571 |
| 157833 | 168930 | 186407 |
| 158291 | 169003 | 192676 |
| 158686 | 174770 | 192740 |
| 159415 | 178036 | 203164 |
| 160480 | 184449 | 214765 |

### GOLDKING PRODUCTION CO.

| | | |
|---|---|---|
| 145416 | 163797 | 185167 |
| 150063 | 166729 | 185257 |
| 152710 | 167128 | 185570 |
| 156389 | 167588 | 185571 |
| 157833 | 168930 | 186407 |
| 158291 | 169003 | 187315 |
| 158686 | 169202 | 189125 |
| 158937 | 174770 | 190775 |
| 159415 | 176416 | 192676 |
| 160480 | 178036 | 192740 |
| 160821 | 179358 | 214765 |
| 163305 | 181315 | 218014 |
| 163502 | 184449 | |

### HILCORP ENERGY COMPANY

169851

F-1

*Little Cheniere*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

**HUMBLE OIL AND REFINING CO.**

63318

**HUNT PETROLEUM (AEC), INC.**

| | |
|---|---|
| 227027 | 973206 |

**LEADS RESOURCES, L.L.C.**

| | |
|---|---|
| 145416 | 158291 |
| 152710 | 159415 |

**LINDER OIL CO. A PARTNERSHIP**

| | |
|---|---|
| 192900 | 205513 |

**LLOG EXPL. CO.**

227027

**LLOG EXPLORATION COMPANY, L.L.C.**

| | |
|---|---|
| 227027 | 973206 |

**NERCO OIL & GAS, INC.**

| | |
|---|---|
| 192900 | 205513 |

**NORTHWEST OIL COMPANY**

| | | |
|---|---|---|
| 145416 | 163305 | 192676 |
| 150063 | 167128 | 203164 |
| 152710 | 169003 | 208728 |
| 156389 | 174770 | 209170 |
| 157833 | 185257 | 209691 |
| 158291 | 185570 | 211295 |
| 159415 | 185571 | 212052 |
| 160821 | 186407 | 212910 |

**PANACO PRODUCTION CO**

158686
160480
214765
218014

F-2

*Little Cheniere*

# EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

**PANACO, INC.**

158686
160480
214765
218014

**UNION EXPL. PARTNERS, LTD.**

169851

**UNION OIL CO OF CALIFORNIA**

169851

**UNOCAL EXPLORATION CORPORATION**

169851

A TRUE COPY OF ORIGINAL

CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH LOUISIANA

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.   10-19574

THE PARISH OF CAMERON

VS

BALLARD EXPLORATION COMPANY, ET AL.

DATE FILED: _____          DEPUTY CLERK:_____

---

### PETITION FOR INTERVENTION

NOW INTO COURT, through undersigned counsel, comes THE STATE OF LOUISIANA, *EX REL.* JEFF LANDRY, ATTORNEY GENERAL, who respectfully intervenes in this action to protect and enforce the rights of the citizens of the State of Louisiana to a sustainable coastal zone:

**1.**

The Parish of Cameron (hereinafter "the Parish") has alleged violations of the Louisiana Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq.*, hereinafter, "the LCR") in Cameron Parish as a result of activities by the defendants. The Parish has filed this action to seek restoration of property and damages.

**2.**

Counsel for the Parish filed the original Petition "on its own behalf and in the name of the State of Louisiana" notwithstanding the fact that there is no contract between counsel and any State agency or State official authorized to represent the State of Louisiana. This purported co-representation was done under the Parish's interpretation of La. R.S. 49:214.36, which it believed authorized such a filing.

**3.**

On December 1, 2014, following removal of a nearly identical suit from Plaquemines Parish to federal court, Judge Jay C. Zainey agreed with Plaquemines Parish's interpretation that

the State of Louisiana was a real party in interest and that the Parish was authorized to sue in matters such as this under La. R.S. 49:214.36(D) *on behalf of* the State of Louisiana.[1]

**4.**

The Attorney General of the State of Louisiana files this Petition for Intervention as authorized by La. R.S. 49:214.36(D) and in accordance with his authority under Art. IV, Section. 8, of the Louisiana Constitution to intervene in any lawsuit and supersede the attorneys in representing the interests of the State of Louisiana, more specifically, "as necessary for the assertion or protection of any right or interest of the state, the attorney general **shall have the authority** (1) to institute, prosecute, or intervene in any civil action or proceeding.

**5.**

The Attorney General, as the Chief Legal Officer of the State, has an overriding obligation to protect the interests of the State as a whole. This matter raises issues that have policy and legal implications that are far reaching and necessitate representation by the State's Chief Legal Officer.

**6.**

By filing this Petition, the State of Louisiana is not adopting the Parish's reasoning, nor Judge Zainey's dicta in the Plaquemines Parish suit regarding co-representation. However, to ensure that no State claims are encumbered absent the presence of the State's Chief Legal Officer, the Attorney General hereby seeks intervention.

**7.**

In addition to protecting the litigious rights provided by La. R.S.49:214.36(D), the State intervenes to enforce the contents of the LCR and to ensure that any and all unpermitted and unmitigated damage to the coastal zone is remediated and restored in accordance with the Constitution of the State of Louisiana and applicable laws and regulations administered by the Louisiana Department of Natural Resources, the Coastal Protection and Restoration Authority, the Attorney General, and any other agencies and political subdivisions of the State.

**8.**

In the alternative, the State intervenes under the authority of the Public Trust Doctrine, Louisiana Constitution Article IX, Section 1, which provides, in pertinent part,

---

[1] Judge Zainey's adoption of the Parish's reasoning on the purported representation of the State of Louisiana was dicta as the analysis followed his proclamation that "[t]he Court's ruling on the egregious misjoinder issue renders moot the question whether the claims on behalf of the State destroy diversity jurisdiction. For completeness, the Court nonetheless will address this potential impediment to diversity jurisdiction." *Plaquemines v. Total Petrochemical & Refining USA, INC. et al.*, 64 F.Supp.3d. 872, 887 (E.D.La. 2014).

The natural resources of the state, including the air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people.  The legislature shall enact laws to implement this policy.

### 9.

Further, the Attorney General intervenes pursuant to Article 1091 of the Louisiana Code of Civil Procedure in that the Attorney General, as the State's chief legal officer, has the authority and responsibility to bring a *parens patriae* action to protect and preserve the State's natural resources and the environment.

### 10.

An intervention is defined by La. C.C.P. Art. 1031 as an incidental demand and, because no answer has been filed in this case, La. C.C.P. Art. 1033 provides that the State may intervene without leave of court.

### 11.

Pursuant to the aforementioned authority, the State of Louisiana, *ex rel.* Attorney General Jeff Landry, asserts its jurisdiction over all claims originally asserted by the Parish of Cameron and hereby supersedes said claims as though made by the State through the Attorney General in the first instance.

### 12.

The State's claims track closely to those claims asserted by the Parish under La. R.S. 49:214.36 for dredging activities contributing to the degradation of property in the coastal zone. However, the State makes no claims related to waste pits, the release of contaminants, pollutants, waste leachate, and toxic substances as put forth by the Parish.

### 13.

The State's claims are limited to the Defendants' oil and gas activities that resulted in the dredging of numerous canals in Cameron Parish as originally detailed in Paragraphs 25-33 of the Parish's Petition.

### 14.

In sum, the State of Louisiana, through the Attorney General, seeks to intervene in this suit to protect the State's independent litigious rights under La. R.S. 49:214.36, which may be interpreted as being encumbered by the Parish's current posture in this case and by previous rulings of the United States District Court for the Eastern District of Louisiana.  For that reason,

the State, through the Attorney General, herein and hereby asserts as its own the Parish's claims in this matter under La. R.S. 49:214.36.

15.

The State of Louisiana asserts the right to recover all civil penalties, damages, payments of restorations costs, actual restoration of the disturbed areas, and other reasonable and proper sanctions for uses conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit.

16.

The State of Louisiana further asserts the right to recover costs and attorney fees from any party found to be responsible.

17.

The State of Louisiana also reserves the right to seek injunctive relief, specific performance, and any other applicable remedies or equitable or relief permitted by law.

WHEREFORE, THE STATE OF LOUISIANA, *EX REL*. JEFF LANDRY, ATTORNEY GENERAL, prays:

(1)     that judgment be rendered in favor of Intervenor and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit in accordance with La. R.S. 49:214.21, *et seq.;*

(2)     that, alternatively, judgment be rendered in favor of Intervenor on behalf of the State in its capacity as public trustee or as *parens patriae*, and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit;

(3)     that judgment be rendered in favor of the Attorney General, the Chief Legal Office of the State, to supersede the Parish's attorneys.

(4)     that judgment be rendered in favor of Intervenor and against any party found

to be responsible for damage from activities conducted within the coastal zone

without a coastal use permit whether a coastal use permit is required or which

are not in accordance with the terms and conditions of a coastal use permit, for

damages, reasonable costs and attorney fees incurred by or on behalf of the

State in responding to such activities and enforcing the State's rights;

(5)     that Defendants be ordered to restore the Cameron Parish Coastal Zone to its

original condition or make payments for such restoration costs.;

(6)     such other and further relief available, subject to any limitations set forth in

the petition.

(7)     The State of Louisiana requests trial by jury.

Intervenor further prays for all costs of these proceedings, for all necessary orders and

decrees as may be required or proper in the premises and for full, general, and equitable relief.

Respectfully submitted:

JEFF LANDRY
ATTORNEY GENERAL

By: _____
Steven B. "Beaux" Jones (Bar # 33915)
Ryan M. Seidemann (Bar #28991)
Elizabeth B. Murrill (Bar #20685)
Wilbur L. Stiles, III (Bar #27654)
Assistant Attorneys General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone No.:     (225) 326-6085
Facsimile:         (225) 326-6099
*Attorneys for the State of Louisiana*

**SHERIFF: PLEASE WITHHOLD SERVICE**

A TRUE COPY OF ORIGINAL
CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH, LOUISIANA

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.   10-19574

THE PARISH OF CAMERON

VS

BALLARD EXPLORATION COMPANY, ET AL.



FILED _____                    _____ DEPUTY CLERK

---

## ORDER

Considering the above and foregoing Petition for Intervention filed by THE STATE OF LOUISIANA, EX REL. JEFF LANDRY, ATTORNEY GENERAL;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the State of Louisiana's Petition for Intervention is hereby granted for the Attorney General to supersede the Plaintiff's claims in this matter on behalf of the State of Louisiana in this case.

Cameron, Louisiana, this 17th day of March, 2016.

_____
Penelope Richard

HONORABLE PENELOPE RICHARD
JUDGE, 38th JUDICIAL DISTRICT COURT

A TRUE COPY OF ORIGINAL
CAMERON, LOUISIANA

_Debbie Sauer_
DEPUTY CLERK OF COURT
CAMERON PARISH, LA

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.   10-19574

THE PARISH OF CAMERON

VS

BALLARD EXPLORATION COMPANY, ET AL.

RECEIVED & FILED
2016 MAR 14  PM 4 05
CLERK OF COURT
CAMERON PARISH, LA.

FILED: _____   _____

DEPUTY CLERK

_____

### REQUEST FOR NOTICE

_____

THE STATE OF LOUISIANA, *ex rel.* JEFF LANDRY., ATTORNEY GENERAL, respectfully requests written notice of the trial date, hearings (whether on the merits or otherwise), orders, judgments, and interlocutory decrees, and any and all other matters as provided in the Louisiana Code of Civil Procedure articles 1572, 1913, and 1914.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

By: _____
Steven B. "Beaux" Jones (Bar # 33915)
Ryan M. Seidemann (Bar #28991)
Elizabeth B. Murrill (Bar #20685).
Wilbur L. Stiles, III (Bar #27654)
Assistant Attorneys General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone No.:        (225) 326-6085
Facsimile:        (225) 326-6099
*Attorneys for the State of Louisiana*

A TRUE COPY OF ORIGINAL

CAMERON, LOUISIANA

_Debbie Savoie_
DEPUTY CLERK OF COURT
CAMERON PARISH LOUISIANA

**THIRTY EIGHTH JUDICIAL DISTRICT COURT**

**PARISH OF CAMERON**

**STATE OF LOUISIANA**

NO.   10-19574

RECEIVED & FILED

2016 MAR 28 PM 2 22

CLERK OF COURT
CAMERON PARISH, LA.

**THE PARISH OF CAMERON**

**VS**

**BALLARD EXPLORATION COMPANY, ET AL.**

DATE FILED: _____     DEPUTY CLERK:_____

---

### RULE TO SHOW CAUSE

---

MAY IT PLEASE THE COURT:

CONSIDERING the Petition for Intervention and the Attorney General's request to supersede the Parish's Attorneys filed on March 14, 2016, by the State of Louisiana, *ex rel.* Jeff Landry, Attorney General,

IT IS HEREBY ORDERED that pursuant to La. Const. Art. IV § 8, the Attorney General's request to supersede the Parish's Attorneys be and hereby is set for hearing on the 25th day of April 2016, at 10:00 o'clock A.m.

Cameron, Louisiana, this 1st day of April, 2016.

Penelope Richard
Judge Penelope Q. Richard
38th Judicial District Court

4-4 ,20 16

I hereby certify that a copy of the foregoing notice was this day mailed by me to the counsel of record for all parties and to such of the litigants, is any, who are not represented by counsel, which notices were addressed to them respectively, at their last known address with postage prepaid.

_____
Dy Clerk of Court

Steven Jones
Chad Mudd
John Carmouche

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: _____
Steven B. "Beaux" Jones (#33915)
Assistant Attorney General

**PLEASE HOLD SERVICE**

A TRUE COPY OF ORIGINAL

CAMERON, LOUISIANA

Debbie Savoie

DEPUTY CLERK OF COURT
CAMERON PARISH LOUISIANA

THIRTY EIGHTH JUDICIAL DISTRICT COURT & FILED

PARISH OF CAMERON 16 MAR 31 PM 3 28

STATE OF LOUISIANA

CLERK OF COURT

NO.   10-19574                                    CAMERON PARISH, LA.

THE PARISH OF CAMERON

VS

BALLARD EXPLORATION COMPANY, ET AL.

DATE FILED: _____          DEPUTY CLERK: _____

---

## ORDER

---

MAY IT PLEASE THE COURT:

CONSIDERING the request by the State of Louisiana and subsequent filing of a Rule to

Show Cause regarding the Attorney General's request to supersede the Parish's Attorney's

pursuant to La. Const. Art. IV, §8,

IT IS HEREBY ORDERED that the Court's Ex Parte Order granting the Attorney

General's request to supersede is HEREBY VACATED.

Cameron, Louisiana, this 1st day of April, 2016.

_Penelope Richard_

Judge Penelope Q. Richard
38th Judicial District Court

4-4 ,20 16

I hereby certify that a copy of the foregoing
notice was this day mailed by me to the counsel
of record for all parties and to such of the
litigants, is any, who are not represented by
counsel, which notices were addressed to them
respectively, at their last known addresses
with postage prepaid.

_____
Dy Clerk of Court

Steve Jones
Chad Mudd
John Carmouche

Respectfully Submitted,

JEFF LANDRY
ATTORNEY GENERAL

BY: _____
Steven B. "Beaux" Jones (#33915)
Assistant Attorney General

A TRUE COPY OF ORIGINAL
CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH LOUISIANA

THE PARISH OF CAMERON

VERSUS

BALLARD EXPLORATION COMPANY, INC., CONDOR PETROLEUM CORPORATION, DENOVO OIL & GAS, INC., EXXON MOBIL CORPORATION, FIELDWOOD SD OFFSHORE LLC, HILCORP ENERGY COMPANY, LEADS RESOURCES, L.L.C., LINDER OIL COMPANY, A PARTNERSHIP, LLOG EXPLORATION & PRODUCTION COMPANY, L.L.C., NORTHWEST OIL COMPANY, THE LOUISIANA LAND AND EXPLORATION COMPANY, LLC, UNION OIL COMPANY OF CALIFORNIA AND XTO ENERGY INC.

NUMBER: 10-19574

RECEIVED & FILED

2016 APR 13   AM 10 39

CLERK OF COURT
CAMERON PARISH, LA.

38TH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

---

## PETITON IN INTERVENTION OF THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF NATURAL RESOURCES, OFFICE OF COASTAL MANAGEMENT

---

NOW INTO COURT, through undersigned counsel, come the **State of Louisiana**, through the **Louisiana Department of Natural Resources, Office of Coastal Management** and its **Secretary, Thomas F. Harris**, who respectfully represent as follows and request the Court allow this intervention:

1.

Louisiana Code of Civil Procedure article 1091 provides:

A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:

(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) United with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.

2.

A two-fold inquiry has developed in Louisiana's jurisprudence regarding the requirements for intervention: first, the intervenor must have a justiciable interest in, and a connection to, the principle action. *Palace Props., L.L.C. v. City of Hammond*, (La.App. 1 Cir. 6/27/2003), 859 So.2d 15, 20, *citing Niemann v. American Gulf Shipping, Inc.*, 96-687, p. 6 (La.App. 5 Cir. 1/15/97), 688 So.2d 42, 45, *writ denied* 97-0404, (La. 3/27/97). 692 So.2d 397. The First Circuit, in *Amoco Production Company v. Columbia Gas Transmission Corporation*, 455 So.2d 1260, 1264 (La.App. 1 Cir. 8/31/1984), defined "justiciable right" in the context of an

intervention as "the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both...." As to the second inquiry, the court further held that the justiciable right must be "so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights." *Id.* As set forth in more detail below, Louisiana law provides the State of Louisiana, through the Louisiana Department of Natural Resources ("DNR"), Office of Coastal Management ("OCM") with concurrent authority to enforce the provisions of law at issue in the current matter, thereby satisfying the justiciable interest prong. Moreover, that interest is directly connected to the principal action because any judgment issued in that action is subject to the requirements of La. R.S. 49:214.36(O), which requires monies received by a parish be used for integrated coastal protection. Consequently, DNR/OCM has a right to intervene in this proceeding in order to protect the rights of the State pursuant to their respective areas of statutory authority.

3.

Interventions must also be timely, in accordance with La. Code of Civ. Proc. art. 1031 and 1033. As an incidental demand under La. C.C.P. art. 1031, a petition for intervention can be filed without leave of court at any time up to and including the time the answer to the principal demand is filed. It may be filed after an answer, with leave of court, if it will not retard the progress of the principal action. La. C.C.P. art. 1033. The First Circuit Court of Appeal has held that, "[a]n intervention may be filed only while suit is pending and before judgment on the main demand." *Van Lieu v. Winn-Dixie of Louisiana, Inc.*, 446 So.2d 1362, 1366 (La.App. 1 Cir. 1984). Courts have great discretion in deciding whether to allow an intervention if such intervention will not retard the progress of the main demand. *See Madere v. Lennix*, 535 So.2d 1290 (La.App. 5 Cir. 1988), *citing Volume Shoe Corp. v. Armato*, 341 So.2d 611 (La.App. 2 Cir. 1977).

**BACKGROUND**

4.

On November 8, 2013, Cameron Parish and the State of Louisiana, *ex rel.* Parish of Cameron filed a Petition for Damages to the Cameron Parish Coastal Zone (the "Petition") against several oil and gas exploration, production, and transportation operations seeking damages for destruction to coastal land and waterbodies allegedly caused by the Defendants activities. The Plaintiffs specifically seek damages as provided in the State and Local Coastal

Resources Management Act of 1978, La. R.S. 49:214.21, *et seq.* ("SLCRMA"), the payment of restoration costs, and actual restoration of the Cameron Parish Coastal Zone.

5.

On December 18, 2013, the Defendants removed the state court action to the federal district court for the Eastern District of Louisiana alleging original jurisdiction based on diversity jurisdiction, Outer Continental Shelf Lands Act, general maritime law, and federal question jurisdiction. The Parish quickly moved to remand the matter back to state court, and on December 1, 2014, the court granted the Parish's motion remanding the matter to state court. No answers have to date been filed in this action.

6.

On March 14, 2016, Attorney General Jeff Landry intervened in this matter, along with all other similar suits seeking recovery under La. R.S. 49:214.21, *et seq.* This intervention by the State of Louisiana through DNR/OCM, in concert with the intervention filed by the Attorney General, ensures that that the State of Louisiana's interests will be fully protected in this matter, and that any funds resulting from this litigation will be properly spent on restoring Louisiana's coast.

## LEGAL FRAMEWORK

7.

The Louisiana Department of Natural Resources ("DNR") is an executive branch agency of the state and is responsible for the conservation, management, and development of water, minerals, and other such natural resources of the state, including coastal management. La. R.S. 36:351(A). The Office of Coastal Management is created within DNR and is charged with performing the functions of the state relative to the coastal zone management program. La. R.S. 36:358; *see also* La. R.S. 49:214.26 (establishing a coastal zone program within DNR and authorizing the Secretary of DNR or his designee to administer the program).

8.

Louisiana Constitution Article IX, Section 1 provides, in pertinent part:

The natural resources of the state, including the air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people. The legislature shall enact laws to implement this policy.

9.

The Louisiana Legislature, in 1978, enacted the State and Local Coastal Resources Management Act ("SLCRMA") (Act 361 of 1978, codified at La. R.S. 49:214.21, *et seq.*) (*i.e.* the Louisiana Coastal Zone Management Program), in order to balance conservation and development within Louisiana's coastal zone. SLCRMA is one of the public trust laws enacted by the legislature pursuant to La. Const. art. IX, sec. 1.

10.

In August 1980, Louisiana's coastal management program, the Louisiana Coastal Resources Program ("LCRP"), was approved by the National Oceanic and Atmospheric Administration ("NOAA"), U.S. Department of Commerce, under section 306 of the Coastal Zone Management Act (16 U.S.C. § 1455(d)).

11.

Pursuant to the SLCRMA, in 1980, DNR adopted, and the legislature and the governor approved, the Louisiana Coastal Use Guidelines. *See* LAC 43:I.701-719. The enforceable policies of the LCRP, as approved by NOAA, include, but are not limited to, the 94 Coastal Use Guidelines adopted by the State, as well as Article IX, Section 1 of the Louisiana Constitution.

12.

In enacting SLCRMA, the legislature declared that it was the public policy of the State:

(1)  To protect, develop, and, where feasible, restore or enhance the resources of the state's coastal zone.

***

(5)  To develop and implement a coastal resources management program which is based on consideration of our resources, the environment, the needs of the people of the state, the nation, and of state and local government.

(6)  To enhance opportunities for the use and enjoyment of the recreational values of the coastal zone.

(7)  To develop and implement a reasonable and equitable coastal resources management program with sufficient expertise, technical proficiency, and legal authority to enable Louisiana to determine the future course of development and conservation of the coastal zone and to ensure that state and local governments have the primary authority for managing coastal resources.

(8)  To support sustainable development in the coastal zone that accounts for potential impacts from hurricanes and other natural disasters and avoids environmental degradation resulting from damage to infrastructure caused by natural disasters.

La. R.S. 49:214.22.

13.

Under the SLCRMA, there are two types of coastal uses: uses of State concern and uses of local concern. Uses of State concern are those uses that directly and significantly affect coastal waters and which are in need of coastal management and which have impacts of greater than local significance or which significantly affect interest of regional, state, or national concern. La. R.S. 49:214.25. Prior to commencing a use of the coastal zone, an applicant must first apply for and receive a coastal use permit ("CUP"). La. R.S. 49:214.30. The secretary of DNR ("Secretary") is designated to make decisions on coastal use permit applications for uses of State concern, whereas the local government makes decisions as to uses of local concern in areas where an approved local program is in effect. Prior to issuing a CUP, the Secretary must ensure that the activity for which the application is being made is consistent with the State's Comprehensive Master Plan for Integrated Coastal Protection ("Master Plan") and with the Coastal Use Guidelines. *Id. See also* LAC: 43.I.701, *et seq.*

14.

DNR/OCM is given specific, non-exclusive authority to enforce SLCRMA and the LCRP. La. R.S. 49:214.36(D) provides that the Secretary "may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a CUP has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." According to La. R.S. 49:214.36(E), "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of restoration costs; require, where feasible and practical, actual restoration of the areas disturbed; or otherwise impose reasonable and proper sanctions for uses conducted within the coastal zone...[t]he court may also award costs and attorney's fees to the prevailing party."

15.

Act No. 544 of the 2014 Regular Session of the Louisiana Legislature ("Act 544") added subsection (O) to La. R.S. 49:214.36 to provide that the only state or local governmental entity rights or causes of action arising from any activity subject to the permitting of SLCRMA are those outlined in that law. Act 544 further provided that "[a]ny monies received by any state or local governmental entity arising from or related to a state or federal permit issued pursuant to R.S. 49:214.21, *et seq.* ... a violation thereof, or enforcement thereof, or for damages or other

relief arising from or related to...shall be used for integrated coastal protection, including coastal restoration, hurricane protection, and improving the resiliency of the coastal area." Act 544 applies to all claims existing or pending on the effective date of the Act, which was June 6, 2014.

16.

"Integrated coastal protection" is not defined in SLCRMA; however, it is defined in La. R.S. 49:214.2, as follows:

> "Integrated coastal protection" means plans, projects, policies, and programs intended to provide hurricane protection or coastal conservation or restoration, and shall include but not be limited to coastal restoration; coastal protection; infrastructure; storm damage reduction; flood control; water resources development; erosion control measures; marsh management; diversions; saltwater intrusion prevention; wetlands and central wetlands conservation, enhancement, and restoration; barrier island and shoreline stabilization and preservation; coastal passes stabilization and restoration; mitigation; storm surge reduction; or beneficial use projects.

17.

Many of the activities asserted by Cameron Parish in its Petition to have caused the damages alleged are included within the list of activities for which a coastal use permit must be issued, including, but not limited to: (1) dredge and fill activity which intersects with more than one water body; (2) all mineral activities, including exploration for and production of, oil, gas, and other minerals, all dredge and fill uses associated therewith, and all other associated uses; and, (3) all pipelines for the gathering, transportation or transmission of oil, gas, and other materials. *See* La. R.S. 49:214.25(A); *see also* Plaintiff's Petition, ¶ 19 – 25.

18.

The Parish has specifically included a list of the coastal use permits known to have been issued within the area of the complained-of activity that forms the basis of the lawsuit. *See* Plaintiff's Petition, ¶ 7 and Exhibit D.

19.

Cameron Parish has prayed for damages, restoration costs, and actual restoration in areas of the coastal zone subject to SLCRMA. As such, DNR's authority to enforce SLCRMA and seek the payment of restoration costs or require actual restoration of areas disturbed overlaps with the relief requested by Parish. More importantly, Act 544 requires that any monies received by a local governmental entity arising from or related to a coastal use permit, the enforcement of SLCRMA, or related to any use of the coastal zone subject to SLCRMA be used for integrated

coastal protection. Thus, intervention is necessary to ensure that the State of Louisiana's interests, through the statutory authority of DNR/OCM, are fully protected and that in the event that the Parish is awarded any damages or other relief, restoration is achieved in a manner consistent with state law, including but not limited to Part II of Title 49 of the Louisiana Revised Statutes – Louisiana Coastal Protection, Conservation, Restoration, and Management.

20.

The legislature gave both DNR and local governmental entities with approved local coastal management programs the authority to enforce SLCRMA with respect to coastal use permits issued by those entities, as well as for uses for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of such permit. La. R.S. 49:214.36.

21.

Likewise, the legislature also provided for the mission of the state as it relates to integrated coastal protection, stating:

> The state must act to develop, implement, and enforce a comprehensive integrated coastal protection plan. The state must act to ensure that the plan incorporates a systems approach to integrate hurricane protection and coastal restoration efforts in order to achieve long-term and comprehensive integrated coastal protection. Comprehensive integrated coastal protection must proceed in a manner that recognizes that the proper functioning of each protective element is critical to the overall success of the plan and that without such proper functioning the safety of the state and its citizens and the viability of the entire plan are threatened. Further, comprehensive integrated coastal protection must proceed in a manner that recognizes the powers and duties of political subdivisions, including flood protection authorities, and levee districts, to fund and manage local activities that are consistent with the goals of a comprehensive integrated coastal protection plan. The state must act to conserve, restore, create, and enhance wetlands and barrier shorelines or reefs in coastal Louisiana while encouraging use of coastal resources and recognizing that it is in the public interest of the people of Louisiana to establish a responsible balance between development and conservation. Management of renewable coastal resources must proceed in a manner that is consistent with and complementary to the efforts to establish a proper balance between development and conservation.

La. R.S. 49:214.1(C).

22.

This statutory scheme makes clear that, while the parishes have certain missions, powers, and duties pursuant to SLCRMA, the state, through the designated executive branch agencies and offices, is also charged with conserving and restoring Louisiana's coast and developing and implementing policies, plans, and programs to achieve comprehensive integrated coastal protection *statewide*. Thus, state and local governmental entities are charged with acting in

coordination and cooperation with each other in performing coastal restoration and hurricane protection. And while the state is tasked with the authority to "articulate a clear statement or priorities and to focus development and implementation of efforts to achieve comprehensive integrated coastal protection," La. R.S. 49:214.1(B), the independent authority of local governmental entities, including parishes, flood protection authorities, political subdivisions, and levee districts has also been maintained.

23.

Considering the constitutional and statutory structure set forth in Louisiana law, the executive branch agencies and offices responsible for the enforcement of the coastal zone management program and coastal protection and restoration have a real interest in ensuring the continued coordination of integrated coastal protection activities. The Louisiana Department of Natural Resources, Office of Coastal Management files this intervention in order to assert and protect those interests.

24.

The defendants are required to comply with all applicable state laws and regulations, including but not limited to SLCRMA. The defendants are also charged with complying with all terms and conditions of their coastal use permits issued pursuant to SLCRMA. To the extent there was a failure by the defendants to obtain permits required by law or to comply with the terms and conditions of their coastal use permits, there has been a violation of SLCRMA, subjecting the defendants to enforcement pursuant to La. R.S. 49:214.36.

25.

Louisiana Revised Statute 49:214.36 authorizes the assessment of damages, the payment of restoration costs, and actual restoration upon a determination of liability under SLCRMA, and La. R.S. 49:214.36(O) requires that recoverable damages be spent on integrated coastal protection.

**PRAYER FOR RELIEF**

WHEREFORE, the State of Louisiana through the Louisiana Department of Natural Resources, Office of Coastal Management and the Secretary of DNR, Thomas F. Harris, moves to intervene in this matter and pray that it be permitted to proceed as a party to this action, that after all parties have been duly cited to appear and answer and have been served with a copy of this Intervention, there be judgment in favor of Intervenor:

(1) That any party or parties found to be liable for violations of SLCRMA be assessed damages, the payment of restoration costs, and actual restoration of the coastal area, in addition to any other appropriate relief authorized by the State Local Coastal Resources Management Act, La. R.S. 49:214.21, *et seq.*, in accordance with La. R.S. 49:214.36 and specifically section 214.36(O);

(2) Ordering that any judgment requiring actual restoration of lands within the coastal area be consistent with La. R.S. 49:214.21, *et seq.*, and specifically La. R.S. 49:214.36(O), as well as the Hurricane Protection, Flood Control and Coastal Restoration Act, which requires that restoration be used for, and be consistent with, comprehensive integrated coastal protection, including hurricane protection, coastal conservation, or coastal restoration; and

(3) Ordering the payment of costs, reasonable attorneys' fees, and for full, general, and equitable relief pursuant to Louisiana law.

By attorneys:

J. BLAKE CANFIELD (#30426)
Executive Counsel
Department of Natural Resources
Post Office Box 94396
Baton Rouge, Louisiana 70804
(225) 342-2710 / (225) 342-5861 (fax) blake.canfield@la.gov

MEGAN K. TERRELL (Bar #29443)
Office of Governor John Bel Edwards
Governor's Office for Coastal Activities
900 North 3rd Street, Fourth Floor
Baton Rouge, Louisiana 70802
(225) 342-7669 / (225) 342-7099 (fax) megan.terrell2@la.gov

A TRUE COPY OF ORIGINAL

CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH, LOUISIANA